UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOHAIL AKBAR KHAN,

    Plaintiff,

v.                                Case No. 8:17-cv-2440-T-33JSS

IRUM TAHIR and MALIK TAHIR
ASLAM,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Irum Tahir and Malik Tahir Aslam's Motion to Dismiss the Complaint (Doc. # 9), filed on November 15, 2017. Plaintiff Sohail Akbar Khan responded on November 29, 2017. (Doc. # 12). For the reasons that follow, the Motion is granted.

**I. Background**

Khan, a resident of Pakistan, alleges that his late wife, Nazia, fell ill and required a lung transplant to survive. (Doc. # 1 at ¶¶ 4-5, 10-11). In 2015, Khan arranged for his wife to travel to Tampa, Florida, to be treated and hopefully receive a transplant at a hospital there. (Id. at ¶¶ 12-13). To pay for Nazia's treatment in advance, Khan transferred

1

$600,000 – the cost quoted for the anticipated transplant and subsequent care — from his personal bank account to the hospital's bank account. (Id. at ¶ 16).

While on the waiting list for a lung transplant, Nazia stayed with Defendants, her sister and brother-in-law, who live in Tampa. (Id. at ¶¶ 8-9, 14-15). Defendants allegedly committed "fraudulent acts" during this time, including convincing the ill Nazia to withdraw the $600,000 from the hospital's account. (Id. at ¶¶ 19-25). Nazia transferred the money to a new "joint/payable upon death" account shared with Defendants, such that Defendants would gain title to the money upon Nazia's death. (Id.).

Nazia subsequently passed away in January of 2017 without having received a transplant. (Id. at ¶ 26). Defendants allegedly falsified Nazia's death certificate to state that she was divorced, even though she was legally married to Khan at the time of her death. (Id. at ¶ 28). Despite Khan's requests, Defendants have allegedly refused to return the money and have used it for their personal benefit. (Id. at ¶¶ 29-31).

Khan filed his Complaint on October 17, 2017, asserting claims for civil theft, unjust enrichment, conversion, and civil conspiracy against both Defendants, as well as a claim

for aiding and abetting fraud against Aslam. (Doc. # 1). Defendants have moved to dismiss (Doc. # 9), and Khan has responded in opposition (Doc. # 12). The Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)(stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). "'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(citation omitted).

## III. Discussion

Defendants argue the Complaint should be dismissed for three reasons: (1) it is a shotgun complaint that (2) fails to allege the citizenships of the parties, as required to establish this Court's diversity jurisdiction, and (3) fails to plead fraud with particularity, as required by Rule 9(b). (Doc. # 9).

"The Federal Rules of Civil Procedure, pertinent precedent, sound principles of litigation management, and fairness to the opposing party almost uniformly commend requiring a litigant to submit a complaint that is not a 'shotgun pleading' and that otherwise complies with the salutary rules of pleading." <u>Stevens v. Barringer</u>, No. 2:11-cv-697-UA-SPC, 2013 WL 24272, at *2 (M.D. Fla. Jan. 2, 2013).

The Eleventh Circuit has described four varieties of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Here, at the beginning of each of the five causes of action, the Complaint "re-alleges and incorporates by reference" all the preceding paragraphs — not only the

5

Complaint's factual allegations. (Doc. # 1 at ¶¶ 33, 43, 50, 58, 63). Thus, the allegations in each cause of action about Defendants' purported civil theft, unjust enrichment, conversion, and civil conspiracy are all incorporated into the fifth cause of action, the aiding and abetting fraud claim against Defendant Aslam. This is impermissible. See Weiland, 792 F.3d at 1322-23 (stating "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" is an impermissible shotgun complaint). Therefore, the Complaint is dismissed with leave to amend.

Additionally, the Complaint does not explicitly plead the citizenship of any party. To bring a claim in federal court pursuant to diversity jurisdiction, the complaint must allege that complete diversity of citizenship exists between the plaintiff and defendants and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

Khan's assertion that the Complaint itself adequately pleads citizenship is incorrect. (Doc. # 12 at 3-4). The Complaint only alleges that Khan resides in Pakistan and the

Defendants reside and are domiciled in Florida. (Doc. # 1 at ¶¶ 2-4, 6, 14). But residency is not citizenship, and citizenship is what must be alleged. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011)("[C]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.").

True, an individual is a citizen of the state in which he or she is domiciled, so Defendants are presumably citizens of Florida. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002)("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). And, indeed, the Civil Cover Sheet attached to the Complaint states that Defendants are "citizen[s] of this state." (Doc. # 1-5 at 1). Nevertheless, for the sake of clarity, Khan should explicitly allege Defendants' citizenship in the amended complaint. The Civil Cover Sheet also states that Khan is a citizen of a foreign country. (Id.). But, Khan has not specifically identified his citizenship – i.e. whether he is a citizen of Pakistan, or another country. In his amended complaint, Khan should clearly and affirmatively plead his citizenship.

Because the Complaint is a shotgun complaint and fails to clearly allege the parties' citizenships, the Court grants

7

the Motion. As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that the Complaint fails to sufficiently plead fraud. Cf. Bennett v. Nationstar Mortg., LLC, No. CV 15-00165-KD-C, 2015 WL 5294321, at *13 n.15 (S.D. Ala. Sept. 8, 2015)("The Defendants advance several arguments to dismiss the breach of contract and FDCPA claims, but the undersigned declines to address those arguments until these claims are repleaded.").

Khan may file an amended complaint that is not a shotgun pleading and that clearly alleges the citizenships of the parties by December 14, 2017, failing which, the case will be dismissed without further notice.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants Irum Tahir and Malik Tahir Aslam's Motion to Dismiss the Complaint (Doc. # 9) is **GRANTED**. The Complaint (Doc. # 1) is **DISMISSED**.

(2) Plaintiff Sohail Akbar Khan may file an amended complaint by **December 14, 2017**, failing which, the case will be dismissed without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of November, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE